**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:15CV-P138-TBR**

**CHRISTOPHER DALE MELTON**                                                          **PLAINTIFF**

v.

**ANGELA TROUTMAN**                                                                       **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Christopher Dale Melton filed the instant *pro se* 42 U.S.C. § 1983 action on his own paper.  The Clerk of Court issued a notice of deficiency directing Plaintiff to re-file his complaint on this Court's approved § 1983 form.  In response, Plaintiff re-filed his complaint on the approved form.  This matter is now before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A.  Upon review, for the reasons set forth herein, the Court will dismiss the action.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is a pre-trial detainee at the Ballard County Jail.  He sues Angela Troutman in her individual and official capacities.  He identifies Defendant as an Assistant Public Defender in the Ballard and Carlisle County Courts.  He states that Defendant violated his "constitutional rights to effective assistance of counsel and due process of law."  Plaintiff maintains that Defendant represented him at a Carlisle County Circuit Court pre-trial conference.  He states that Defendant represented to that court that she had not received Plaintiff's discovery in his criminal case when she had in fact received it.  He states that he "had an absolute right to this hearing and did not have it due to Ms. Troutman's false representation to the Court."  As relief, Plaintiff

seeks compensatory and punitive damages and requests the Court to "forever dismiss and vacate all criminal matters filed, pending or under investigation."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff fails to state a claim under § 1983.  Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  Therefore, Plaintiff's claim against Defendant will be dismissed for failure to state a claim upon which relief may be granted.

In addition, as to Plaintiff's request that the Court "dismiss and vacate" all criminal matters pending against him, this Court has no authority to interfere in state-court criminal proceedings, except in very limited circumstances not present in the instant case. *See Younger v. Harris*, 401 U.S. 37 (1971); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996).

For the foregoing reasons, Plaintiff's complaint will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4413.010